UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELEAZAR HERRERA-SANCHEZ,<br><br>　　　　　Defendant. | Case No. 1:16-cr-00081-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Eleazar Herrera-Sanchez's Motion for Reduction of Sentence (Dkt. 177). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court denies the motion.

## BACKGROUND

On January 9, 2018, the Court sentenced Defendant to 200 months of imprisonment following his conviction for a methamphetamine trafficking offense. In doing so, the Court addressed numerous objections to the presentence report concerning the amount of drugs attributed to Herrera-Sanchez. Ultimately, the Court adopted the presentence report after sustaining certain objections. The Court then held Defendant accountable for less than 45 kilograms of methamphetamine mixture, resulting in a base offense level of 36 and a total offense level of 35. With a Criminal History Category I, the corresponding advisory guideline range was 168 to 210 months, and the Court imposed a within-guideline sentence of 200 months (Dkts. 146, 147).

**MEMORANDUM DECISION AND ORDER - 1**

Defendant appealed his conviction and sentence to the Ninth Circuit. It affirmed the judgment, concluding that the district court did not err in applying a two-level enhancement for possession of a firearm and that its findings regarding drug quantity and threats of violence toward a cooperating witness were not clearly erroneous (Dkt. 159). The Court of Appeals further noted that the district court "determined that the Guidelines range may have understated the seriousness of Herrera-Sanchez's conduct because the record indicated that (1) the quantity of drugs involved in the overall conspiracy exceeded the amount used to calculate the Guidelines range, and (2) he made threats of violence against a cooperating witness" (*id.* at 3).

In July 2022, Defendant filed his first motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), asserting that a guideline amendment warranted a lower sentence (Dkt. 164). The Court denied the motion after finding that although Defendant may not be entitled to the same services as all inmates because he is not a United States citizen, he had identified no amendment that reduced his sentencing range (Dkt. 172).

On November 12, 2024, Defendant filed the present motion (Dkt. 177), this time seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The United States opposes the motion (Dkt. 179).

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(1)(A) provides one such exception. To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A), a district court must, as a threshold matter, determine whether a defendant has exhausted administrative remedies. Once satisfied, the Court may grant release only if "extraordinary and compelling reasons warrant such a reduction" and the § 3553(a) factors do not

**MEMORANDUM DECISION AND ORDER - 2**

weigh against release. 18 U.S.C. § 3582(c)(1)(A). The burden rests on the defendant. *See United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)). Courts may look to U.S.S.G. § 1B1.13 as persuasive authority but are not bound by it. *See Aruda*, 993 F.3d at 802.

## ANALYSIS[1]

Herrera-Sanchez argues that the disparity between the Guidelines for actual and mixture methamphetamine constitutes an extraordinary and compelling reason for relief. That argument fails for at least two reasons. First, Defendant was sentenced under the mixture methamphetamine guideline (Dkt. 147 at I(B)). Thus, any disparity between the "actual" and "mixture" categories does not place him at a disadvantage and provides no basis for a reduction.

Second, even if that disparity did affect Herrera-Sanchez, he has not demonstrated that it renders his within-guideline sentence unjust or that it constitutes an extraordinary and compelling reason under § 3582(c)(1)(A). As the Government notes, the Court found the Guidelines range may have understated the seriousness of Herrera-Sanchez's conduct given the overall quantity of drugs involved and his threats of violence toward a cooperating witness (*see* Dkt. 159 at 3). Those findings, along with the § 3553(a) factors, continue to support the sentence imposed.

Accordingly, Defendant has failed to demonstrate extraordinary and compelling reasons warrant the requested reduction.

---

[1] The Government does not contest that Herrera-Sanchez exhausted his administrative remedies and the Court, from reviewing the record, finds a sufficient basis to establish the same (Dkt. 177-1 at 1).

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence (Dkt. 177) is **DENIED**.

DATED: October 28, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**